CARTER LEDYARD & MILBURN LLP
Keith D. Nowak, Esq. (KN-0230)
2 Wall Street
New York, NY 10005
Phone: (212) 238-8610
Fax:    (212) 732-3232
Attorneys for Defendants Interactive Card Solutions LLC
and Interactive Card Technologies LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
SERIOUS USA, INC; SERIOUS IP, INC.;        :   ECF CASE
And DXPDD, LLC,                             :
                                            :   ANSWER, AFFIRMATIVE
                                            :   DEFENSES AND
            Plaintiff,                      :   COUNTERCLAIM
                                            :   (JURY TRIAL DEMANDED)
    - against -                             :
                                            :
INTERACTIVE CARD SOLUTIONS LLC and          :   CIVIL ACTION NO. 08-CV-4807
INTERACTIVE CARD TECHNOLOGIES               :   (GBD)
LLC,                                        :
                                            :
            Defendants.                     
------------------------------------------------------------ x

Defendants INTERACTIVE CARD SOLUTIONS LLC and INTERACTIVE CARD TECHNOLOGIES LLC, (collectively "Defendants") hereby file this Answer and Counterclaim in response to the Complaint filed by Plaintiffs, SERIOUS USA, INC; SERIOUS IP, INC.; and DXPDD, LLC (collectively "Plaintiffs").

In response to the numbered paragraphs of Plaintiffs' Complaint, Defendants respond as follows:

6349330.1

## THE PARTIES

1. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 1 of the Complaint are true and correct and therefore deny same.

2. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 2 of the Complaint are true and correct and therefore deny same.

3. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 3 of the Complaint are true and correct and therefore deny same.

4. Admitted.

5. Admitted.

6. Admitted that Perkins, Archer and Smith are former employees of Serious and that Perkins resigned. The remaining allegations of Paragraph 6 are denied.

7. Admitted that Serious filed a lawsuit against Casey, Archer et al. but deny the remaining allegations of Paragraph 7.

8. Admitted.

9. Admitted

10. Admitted that the parties entered into a Stipulation of Settlement and Order but deny the remaining allegations of Paragraph 10.

11. Admitted.

12. Denied.

## JURISDICTION AND VENUE

13. Admitted.

14. Admitted.

## PATENTS IN SUIT

15. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 15 of the Complaint are true and correct and therefore deny same.

16. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 16 of the Complaint are true and correct and therefore deny same.

17. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 17 of the Complaint are true and correct and therefore deny same.

18. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 18 of the Complaint are true and correct and therefore deny same.

19. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 19 of the Complaint are true and correct and therefore deny same.

20. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 20 of the Complaint are true and correct and therefore deny same.

21. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 21 of the Complaint are true and correct and therefore deny same.

22. Defendants are without sufficient knowledge or information to form a belief as to whether the averments of Paragraph 22 of the Complaint are true and correct and therefore deny same.

## COUNT I

### Infringement of United States Design Patent No. D503,404 by ICS and ICT.

23. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 22.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

### Infringement of United States Design Patent No. 6,510,124 by ICS and ICT.

29. Defendants repeat their answer to Plaintiffs' allegations as set forth on Paragraphs 1 through 28.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT III

**Infringement of United States Design Patent No. 6,762,988 by ICS and ICT.**

35. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 34.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT IV

**Infringement of United States Design Patent No.7,308,696 by ICS and ICT.**

41. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 40.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT V

**Infringement of United States Design Patent No.5,982,736 by ICS and ICT.**

47. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 46.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT VI

**Infringement of United States Design Patent No. 6,304,544 by ICS and ICT.**

53. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 52.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT VII

**Infringement of United States Design Patent No. 6,078,557 by ICS and ICT.**

59. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 58.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT VIII

**Infringement of United States Design Patent No. 6,016,298 by ICS and ICT.**

65. Defendants repeat their answer to Plaintiffs' allegations as set forth in Paragraphs 1 through 64

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense.

1) Defendants have presented prior art to Plaintiffs' which shows that some or all of the claimed subject matter set forth in the patents-in-suit was known in the art at least one year prior to the filing date of each of the respective patents. The patents-in-suit are therefore invalid and as such may not be enforced against Defendants.

### Second Affirmative Defense.

2) Plaintiff' have failed to state a claim of patent infringement upon which relief may be granted as the patents-in-suit are invalid.

### Third Affirmative Defense.

3) Plaintiffs' claims against Defendants are barred by the doctrine of laches and/or estoppel.

### Fourth Affirmative Defense.

4) Defendants are indemnified against any recovery by Plaintiffs' in this action pursuant to the provisions of UCC 2-312(3).

### Fifth Affirmative Defense.

5) Plaintiffs' claim of infringement against Defendants is barred by license as products sold by Defendants were, upon information and belief, supplied to Defendants by one authorized to sell such products in the United States.

### COUNTERCLAIM

Defendants complain of Plaintiffs' and allege as follows:

1. Defendant/Counterclaim Plaintiffs' Interactive Card Solutions LLC and Interactive Card Technologies LLC are limited liability corporations duly organized and existing under the laws of the State of Delaware and with their principal place of business at 10 West 18th Street, 3rd. Floor, New York, NY 10011.

### JURISDICTION AND VENUE

2. The following counterclaims arise under the Patent Statue, Title 35 U.S.C. § 1 *et. seq*. This Court has personal jurisdiction over Plaintiffs pursuant to 28 USC §§ 1331 and 1338 (a). Venue is proper in this District pursuant to Title 28 U.S.C. §§ 1391(b)(c) and 1400(b) because plaintiff regularly does business and is subject to personal jurisdiction here.

### COUNT I
### JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

3. Defendants incorporate by reference all the preceding paragraphs as if fully set forth herein.

4. Defendants allege, on information and belief, that U.S. Patent Nos. 6,510,124, 6,762,988, 7,308,696, 5,982,736, 6,304,544, 6,078,557, 6,016,298 and D503,404) are invalid, unenforceable and void for one or more of the following reasons:

   (a) Defendants have not infringed any claim of the patents-in-suit;

(b)   The patentee of each patent did not invent the subject matter patented, nor did he make any invention or discovery, either novel, original or otherwise, within the meaning of United States Code, Title 35;

(c)   The alleged invention in each patent was made by another person in this country before the patentee's alleged invention, and such other person had not abandoned, suppressed, or concealed it;

(d)   The claims, and each of them, of each patent are excessively vague and indefinite and do not distinctly point out and define the invention;

(e)   In light of the prior art at the time each alleged invention was made, the subject matter as claimed in each of the patents would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(f)   More than one year prior to the filing of the original patent application which matured into each of the patents in suit, the alleged invention was patented or described in printed publications in this or in foreign countries, or was in public use or on sale in this country;

(g)   Before the alleged invention or discovery by the patentee, the alleged invention in each patent was known or used by others and was on sale in this country and was patented or described in printed publication in this or in foreign countries;

(h)   If there is any invention in the subject matter of any of the patents in suit, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of Title 35 of the United States Code; and

(i)   Plaintiffs' with full knowledge of the activities of Defendants has failed to assert its patents for a period since issuance of the patents while Defendants invested time and money in building its business and goodwill, and Plaintiffs' are guilty of laches and cannot maintain any cause of action against Defendants under the patents-in-suit.

## **PRAYER FOR RELIEF**

Wherefore, Defendants respectfully request that this Honorable Court enter a judgment that:

    A.    The patents-in-suit are invalid and unenforceable;

    B.    Defendants have not infringed any of the claims of the patents-in-suit, and

    C.    Grants on such other relief as this Court seems necessary, just, fair and reasonable.

Respectfully Submitted,

Dated: 14 July 2008

Keith D. Nowak
Bar Roll No. KN-0230
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 238-8610 Phone
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM (JURY TRIAL DEMANDED) was served by e-mail and first class mail this 14th day of July, 2008 to:

>Seth H. Ostrow
>Dreier LLP
>499 Park Avenue
>New York, NY 10022
>sostrow@dreierllp.com

Date: July 14, 2008

_____
Keith D. Nowak